# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHAWN DEVAUGHN, | DOCKET NUMBER |
|      Appellant, | PH-0752-23-0242-I-1 |
| v. | |
| DEPARTMENT OF VETERANS | DATE: March 23, 2026 |
|   AFFAIRS, | |
|      Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Shawn DeVaughn, Wilkinsburg, Pennsylvania, pro se.

Angela Madtes, Esquire, Pittsburgh, Pennsylvania, for the agency.

Diane Tardiff, Bedford, Massachusetts, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the initial decision as to the inappropriate conduct charge. We VACATE the initial decision as to the failure

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

to follow leave procedures, unauthorized absence, and negligent performance of duties charges and REMAND the appeal to the regional office to further develop the record as to these three charges and determine whether the appellant proved his affirmative defense of disability discrimination.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant, a disabled veteran, was a WS-2 Housekeeping Aid Supervisor at the Department of Veterans Affairs for 5 years and had been with the agency for nearly 10 years before the agency removed him from employment in May 2022. Initial Appeal File (IAF), Tab 1 at 3, 6, Tab 7 at 182, 184, Tab 23 at 27, 32. On June 25, 2021, the agency approved the appellant's Family and Medical Leave Act (FMLA) request and granted him intermittent FMLA leave between June 10, 2021, and March 18, 2022, which could be used one time per month lasting 2-3 days per episode. IAF, Tab 7 at 17.

The appellant informed the agency that he desired to expand his use of FMLA leave beyond 2-3 days per month. *Id.* at 20. The agency advised him multiple times that he must submit additional medical information to do so. *Id.* at 19-23. On October 8, 2021, the appellant sent an email with the subject line "INFORMATION REQUESTED" to his agency FMLA liaison. *Id.* at 23. The email's text suggests that medical information from the appellant's medical provider for August and September 2021 was attached to the email. *Id.* However, the agency's note below the email message indicates that the appellant attached two files to the email but neither of them could be opened by the agency. *Id.* at 24. The agency then marked the appellant absent without leave 47 times spanning 376 hours between November 2021 and March 2022 before removing him from employment on May 4, 2022. *Id.* at 26-31, 154-60; IAF, Tab 23 at 27. The case record contains neither these two email attachments nor communications between the agency FMLA liaison and the appellant after his October 8, 2021 email. Furthermore, during the portion of the hearing when he was scheduled to

testify, the appellant was not permitted to respond to the agency's claim that he did not submit additional medical evidence.  IAF, Tab 26-7 at 25:32-26:05.

In these circumstances, we find the information related to the appellant's two email attachments to be incomplete.  On remand, the administrative judge should develop the following factual issues:  (1) the steps the agency took to try to open and review the email attachments; (2) the text of the two email attachments and whether either of them can be considered a medical certification under 5 U.S.C. § 6383(b); and (3) whether the agency notified the appellant of its inability to open the attachments and, if so, the appellant's response to such notification.

As to the fourth charge, inappropriate conduct, the appellant has provided no persuasive basis for disturbing the administrative judge's findings, which we find to be sound on their face, and we discern no basis to revisit them.

The appellant raised and attempted to pursue an affirmative defense of disability discrimination.  IAF, Tab 1 at 4, 6.  The administrative judge did not provide the appellant notice of his burden to establish a disability discrimination affirmative defense as he did with the appellant's affirmative defenses of sex discrimination and retaliation for prior equal employment opportunity.  IAF, Tab 21 at 3-5.  Thus, we find that a remand is necessary to provide the appellant notice of his burden and an opportunity to address his affirmative defense of disability discrimination.  *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶¶ 10, 12-13 (2010), *overruled on other grounds by Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17.

Therefore, we remand the case to the Northeastern Regional Office to develop the record as described.  *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

In the remand initial decision, the administrative judge may incorporate his findings regarding the merits of the appellant's affirmative defenses of sex discrimination and retaliation for prior equal employment opportunity activity, which the parties do not dispute on review and with which we discern no error. *See id.*

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication under this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:    _____
                  Gina K. Grippando
                  Clerk of the Board

Washington, D.C.